**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Peter Jason Helfrich, | Case No. 2:21-cv-02009-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER and REPORT & RECOMMENDATION re ECF Nos. 1, 3, and 4** |
| Sharon Wherley, *et al*., | |
| Defendants. | |

Plaintiff Peter Jason Helfrich, who is currently incarcerated at a state prison, submitted a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.).  In addition, he filed a motion for a temporary restraining order (ECF No. 3) and a motion for a preliminary injunction (ECF No. 4). There are several other filings (ECF Nos. 6-12) labeled as a "Notice" or an "affidavit" in support of the relief sought.

As discussed in more detail below, the Court will grant his request to proceed *in forma pauperis*, dismiss the complaint without prejudice and with leave to amend, and recommend to the District Judge that the motions for a temporary restraining order and preliminary injunction be denied.

**I.      Request to Proceed *In Forma Pauperis***

Plaintiff's application to proceed *in forma pauperis* is incomplete. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, Plaintiff must complete an application to proceed *in forma pauperis* and attach (1) a properly executed financial certificate, and (2) an inmate account statement for the past six months. Although Plaintiff submitted the *in forma pauperis* application and the financial certificate, Plaintiff did not attach an inmate account statement for the past six months. The Court will allow Plaintiff to proceed *in forma pauperis* but orders that the inmate account statement be sent to the court 60 days from today's date. As a result, ECF No. 1 will be granted.

## II.     Screening Order

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff sues multiple defendants. ECF No. 1-1. In fact, the first five pages of his sixteen-page, single-spaced complaint are dedicated to naming defendants and whether they are being sued in their personal or official capacities. *Id*. at 1-5. What exactly Plaintiff is alleging and trying to bring suit for is unclear. While Plaintiff references violations of many laws, he does not break his complaint into counts or claims against specific defendants. *Id*.

Even liberally construing Plaintiff's complaint, the Court is unable to determine exactly what claims Plaintiff is attempting to allege against which defendants and cannot evaluate whether Plaintiff states any claims for relief. Accordingly, the Court will dismiss Plaintiff's complaint without prejudice and with leave to amend to file a more manageable complaint. *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (holding that the Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'") (citations omitted). To help Plaintiff file a properly formatted complaint, the Court now advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure. Plaintiff is also advised that failure to comply with these rules when drafting and filing his amended complaint may result in this action being dismissed.

First, Plaintiff is advised that he must specify which claims he is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant. Specifically, he must allege facts showing how each named defendant is involved and the approximate dates of their involvement. Put another way, Plaintiff should tell the Court, in plain language, what each defendant did to him and when. "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Second, Plaintiff's amended complaint must be **short and plain**. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. The Federal Rules also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Third, Plaintiff may not raise multiple unrelated claims in a single lawsuit. The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is intended to avoid confusion, which arises out of bloated lawsuits.[2]

Lastly, Plaintiff's amended complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file his amended complaint on this Court's approved form, which the Clerk of Court will send to Plaintiff.

### III.   Request for Temporary Restraining Order and Preliminary Injunction

Plaintiff's request for a temporary restraining order and preliminary injunction are not related to the complaint. Instead, Plaintiff asserts different complaints based on his inability to

---

[2] If Plaintiff needs to file multiple lawsuits to comply with this rule, he may do so by filing a new application to proceed *in forma pauperis* and a new complaint for each unrelated claim.

properly access the courts (e.g., access to library, to legal copies, supplies, etc.) ECF Nos. 3 and 4.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

In addition, a request for injunctive relief must relate to claims currently pending in this action. Some courts, however, have recognized a narrow exception to this rule when the requests for injunctive relief are related to a plaintiff's access to the district court in pending litigation. *Prince v. Schriro*, CV 08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (citing *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990)).

The Court will nonetheless recommend that Plaintiff's motions for a temporary restraining order and preliminary injunction be denied as it is clear he is able to access the courts. The complaint has been filed on the docket, is multiple pages long, and includes citations to several cases. It does not appear that he is currently suffering or is likely to suffer irreparable harm absent the Court's intervention. *State of Connecticut v. Com. of Mass.*, 282 U.S. 660, 674 (1931) (an injunction is only appropriate "to prevent existing or presently threatened injuries"); *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F. 2d 668, 674-75 (9th Cir. 1988) (speculative injury does not constitute irreparable harm sufficient to warrant granting a preliminary injunction).

In short, Plaintiff has failed to establish that the extraordinary remedy of injunctive relief is warranted at this time. As a result, the Court recommends that his request for a preliminary injunction and a temporary restraining order be denied at this time.

## IV.    Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

1     **IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) **is dismissed**

2 **without prejudice and with leave to amend**.

3     **IT IS FURTHER ORDERED** that if Plaintiff chooses to amend his complaint, he must

4 do so by **February 15, 2022**. If Plaintiff chooses not to amend his complaint, this Court will

5 recommend that his case be dismissed.

6     **IT IS RECOMMENDED** that Plaintiff's motions for a temporary restraining order (ECF

7 No. 3) and preliminary injunction (ECF No. 4) be **DENIED**.

8 **NOTICE**

9     This report and recommendation is submitted to the United States district judge assigned

10 to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation

11 may file a written objection supported by points and authorities within fourteen days of being

12 served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

13 objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153,

14 1157 (9th Cir. 1991).

15

16     DATED: December 14, 2021.

17                                     _____

18                                  BRENDA WEKSLER
                                 UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28